OPINION OF THE COURT
Per Curiam.
The Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) served the respondent with a petition dated April 15, 2007, containing two charges of professional misconduct. After a hearing on July 21, 2008, the Special Referee sustained both charges. The Grievance Committee moves to confirm the Special Referee’s report and to impose such discipline upon him as this Court may deem just and proper. In response, the respondent requests that the Special Referee’s report be confirmed, “as clarified,” and that a penalty of a private admonition or a public censure be imposed with respect to charge one.
Charge one alleges that the respondent was convicted of a serious crime within the meaning of Judiciary Law § 90 (4) (d) and 22 NYCRR 691.7.
On May 21, 2007, the respondent entered a plea of guilty to two counts of failing to file a New York State tax return before the Honorable Thomas K. Keefe, City Court Judge, City of Albany, in violation of New York State Tax Law § 1801 (a), an unclassified misdemeanor, in the matter of People v Lawrence Wechsler, docket No. 07-178854. The respondent admitted that he failed to file a tax return with New York State for the tax years 2003 and 2004. The respondent was sentenced by Judge Keefe on August 28, 2007, to a conditional discharge for a period of one year and was required to pay the taxes, penalties, and interest owed, as well as a fine in the sum of $5,000.
Charge two alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), by his conviction of a serious crime within the meaning of Judiciary Law § 90 (4) (d), based on the factual specifications of charge one.
Based on the evidence adduced, we find that the Special Referee properly sustained both charges. Accordingly, the Grievance Committee’s motion to confirm the Special Referee’s findings is granted.
In determining an appropriate measure of discipline to impose, it is undisputed that as part of his sentence of a conditional discharge, the respondent paid all taxes due to New *279 York State. The respondent has no prior disciplinary history. Although convicted of a serious crime, the respondent was not under an interim suspension. In the order dated March 28, 2008, this Court, on its own motion, vacated the automatic suspension resulting from the respondent’s conviction of a serious crime.
The respondent notes that his involvement in a protracted patent infringement litigation in California completely overwhelmed him and depleted his financial resources. Although he was ultimately successful in the litigation, the respondent obtained an unenforceable judgment. During the pendency of the litigation, the respondent allowed five years of tax returns to go unfiled. By filing his returns prior to being notified that he was under investigation, the respondent maintains that he called attention to himself, ultimately resulting in his conviction. He asks this Court to consider his remorse and the fact that no client has suffered harm or loss as a result of his misconduct.
Under the circumstances, the respondent is publicly censured for his professional misconduct.
Prudenti, P.J., Mastro, Rivera, Spolzino and Florio, JJ., concur.
Ordered that the petitioner’s motion to confirm the Special Referee’s report is granted; and it is further,
Ordered that the respondent is publicly censured for his professional misconduct.